**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **OCTAVIUS JORDAN,** )<br>)<br>    **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**DONALD N. SNYDER, JR.,** *et al.***,** )<br>)<br>    **Defendants.** ) | **CIVIL NO. 03-478-MJR** |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, a former inmate in the Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss

those claims that are frivolous before allowing plaintiff to proceed with his remaining claims.  *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

Plaintiff states that upon his transfer to Vandalia Correctional Center ("Vandalia") he made a request for vegan meals in accordance with his religious beliefs as an African Hebrew Israelite. His request was granted, but during his stay at Vandalia, from December 19, 2001 to March 7, 2002, Plaintiff did not receive adequate vegan meals.  The meals consisted only of side dishes from the regular inmate line.  As a result, the meals were not nutritionally complete in that they did not contain enough protein.  Plaintiff claims that the inadequate meals affected his health, causing him to "pass out" on January 21, 2002, hitting his head and injuring his back.  Plaintiff also states that the inadequate meals caused him to lose ten pounds.  Plaintiff filed grievances and orally complained about the unsound vegan meals.  Plaintiff states that Defendants Dillon, Green, and Lee, Illinois Department of Corrections ("IDOC") officials did not respond to many of his grievances and that Defendants Pruitt and Browsman never filed some of them.  Defendants Robinson, Vieregge, and Arnold threatened to transfer Plaintiff to another IDOC facility if he did not give up his request for vegan meals.  Defendants Robinson, Vieregge, Arnold, Fulk, Johnson, Hoffman, Holmes, Henna, Atchinson, Reed, Atwood, "Tex," and other unknown Defendants harassed, ridiculed, and belittled Plaintiff because of his religion and its dietary restrictions.  Plaintiff further states that Defendants Robinson, Vieregge, West, Arnold, and Grunger retaliated against him because of his requests for vegan meals, by removing him from his prison job as a butcher.  He was reassigned to a job in the kitchen, in which he was required to work on the Sabbath.  Plaintiff states that Defendants Dillon and West removed him from his job as a butcher because they believed that the job was inconsistent with his religion.  Finally, Plaintiff states that Defendants Robinson, Vieregge, West, Arnold, and Eglehoff retaliated against him by transferring him from Vandalia to East Moline Correctional

Center. Plaintiff states that Defendants violated his First and Eighth Amendment rights.

*First Amendment Violations*

Plaintiff states that Defendants refused to provide him with adequate vegan meals in accordance with his religion as an African Hebrew Israelite.

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987)). Such interests include inmate security and the proper allocation of limited prison resources. *See id.* at 348, 352-53; *Turner,* 482 U.S. at 90; *Al-Alamin,* 926 F.2d at 686. Based on these standards, Plaintiff's claim cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

*Eighth Amendment Violations*

Plaintiff claims that the vegan meals he was provided, which consisted of side items from the regular inmate line, were nutritionally inadequate to the point that they constituted a violation of the Eighth Amendment. In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* Denial of food may satisfy the first *Farmer* prong, so long as the "amount and duration of the deprivation" is considered in the inquiry.

*See Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

To support the claim that his meals were inadequate, Plaintiff states that he lost ten pounds during his incarceration at Vandalia and that the inadequate meals caused him to "pass out," hurting his head and back in the process. Plaintiff was not denied meals entirely. Plaintiff includes as exhibits with his complaint an exhaustive list of the foods he was provided for each meal from January through March 2002. This list shows that Plaintiff was provided food for each meal, each day. Based on this information, the Court cannot find that Plaintiff was denied the "minimal civilized measures of life's necessities." Furthermore, Plaintiff has not shown that Defendants demonstrated a sufficiently culpable state of mind. Plaintiff has not stated that Defendants intended to deprive him of any food. As such, Plaintiff has not stated an Eighth Amendment violation; this claim is **DISMISSED with prejudice** from the action.

*Grievances*

Plaintiff states that Defendants Dillon, Green, and Lee, IDOC officials, failed to respond to his grievances and that Defendants Pruitt and Browsman did not properly file some of them. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). As such, Plaintiffs allegations regarding the grievances do not state a claim of constitutional dimension; the claim is **DISMISSED with prejudice** from the action. Accordingly, Green, Lee, Pruitt and Browsman are **DISMISSED** as defendants.

*Verbal Harassment*

Plaintiff states that he was harassed, ridiculed and belittled by Defendants Robinson, Vieregge, Arnold, Fulk, Johnson, Hoffman, Holmes, Henna, Atchinson, Reed, Atwood, "Tex," and other unknown Defendants because of his religion and its dietary restrictions. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 1999). As such, Plaintiff has not stated a claim on these facts; this claim is **DISMISSED with prejudice** from the action. Accordingly, Fulk, Johnson, Hoffman, Holmes, Henna, Atchinson, Reed, Atwood, "Tex," and other unknown Defendants are **DISMISSED** from the action.

*Retaliation*

Plaintiff states that Defendants retaliated against him for requesting vegan meals by removing him from his job as a butcher and by transferring him to another IDOC facility. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Based on these standards, Plaintiff's claims of retaliation may not be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

*Defendants*

Plaintiff lists Donald N. Snyder, IDOC Director, as a defendant, but makes no specific allegations against him. "A plaintiff cannot state a claim against a defendant by including the

defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Furthermore, "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Accordingly, Donald N. Snyder is **DISMISSED** from the action.

In summary, Plaintiff is allowed to proceed on his First Amendment and retaliation claims against Defendants Robinson, Vieregge, Arnold, West, Grunger, Dillon, and Eglehoff.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants ***Robinson, Vieregge, Arnold, West, Grunger, Dillon, and Eglehoff.*** The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants ***Robinson, Vieregge, Arnold, West, Grunger, Dillon, and Eglehoff*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this

Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former IDOC employees who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 15th day of July, 2005.**

          **s/ Michael J. Reagan**
          **MICHAEL J. REAGAN**
          **United States District Judge**