IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OCTAVIUS JORDAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **03-478-MJR** |
| ) | |
| **DONALD N. SNYDER, JR., et al.**, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to **28 U.S.C. §§636(b)(1)(B)** and **(C)**.

The *pro se* plaintiff filed suit under 42 U.S.C. §1983 on July 25, 2003. At that time, he was an inmate in the custody of the IDOC. In December, 2003, he was paroled to a "half-way house" located at 2110 West Warren, Chicago, Illinois. He expected to reside there for about six months

On October 17, 2005, the Court set a status conference for November 17, 2005. **(Doc. 9).** The Order setting the status conference states: "Plaintiff's appearance is mandatory. Failure to appear may result in dismissal and/or sanctions."

Plaintiff failed to appear for the status conference on November 17, 2005. The Court directed its security officer to scour the building in search of plaintiff. The officer was unable to find Mr. Jordan in the courthouse and determined that he had not entered the building that morning.

The Court warned in its Order of October 17, 2005, notice that failure to appear could

1

result in dismissal of the case.  Plaintiff has not kept the Court informed of his address.  He has failed to diligently prosecute his claim.

This Court has the authority to dismiss this case with prejudice as a sanction for failing to appear and for failure to prosecute.  **Fed.R.Civ.P. 41(b).**  In addition, Federal Rule of Civil Procedure 16(a) provides that the Court may direct a party to appear for a pretrial conference.  The Court may impose sanctions for failure to appear as directed.  Such sanctions may include dismissal.  **Fed.R.Civ.P. 16(f);** *Lucien v. Breweur*, **9 F.3d 26, 28 (7th Cir. 1993).**  A sanction of dismissal under Rule 16(f) is presumed to be with prejudice, since dismissal without prejudice "is a feeble sanction." *Lucien*, **9 F.3d at 28.**  The Court also has the inherent authority to sua sponte dismiss a claim for failure to prosecute.  *James v. McDonald's Corporation*, **417 F.3d 672, 681 (7th Cir. 2005)**.  This authority extends to a situation where a pro se plaintiff has failed to keep the Court informed of his whereabouts.  **See,** *Ball v. City of Chicago*, **2 F.3d 752, 756 (7th Cir. 1993)**.

<u>**Recommendation**</u>

For the foregoing reasons, this Court recommends plaintiff's compliant be dismissed with prejudice as a sanction for his failure to appear for the status hearing on November 17, 2005, and for his failure to diligently prosecute his case.

Objections to this Report and Recommendation must be filed on or before **December 7, 2005.**

Submitted: November 17, 2005.        s/ Clifford J. Proud
                                     **CLIFFORD J. PROUD**
                                     **U. S. MAGISTRATE JUDGE**

2